IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINGWOOD VILLAGES ESTATES CONDOMINIUMS PRINCIPAL MANAGEMENT GROUP OF HOUSTON<br>*Plaintiff,*<br><br>v.<br><br>NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, JAVIER RICO, MICHAEL JEFFREY HANDY, and THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY,<br>*Defendants.* | §§§§§§§§§§§§§§§ | CIVIL ACTION NO. 4:19-cv-4288 |

## NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Kingwood Village Estates Condominiums Principal Management Group of Houston v. Nationwide Property and Casualty Insurance Company, Javier Rico, Michael Jeffrey Handy, and The Hartford Steam Boiler Inspection and Insurance Company*; Cause No. 2019-73587; In the 61st Judicial District of Harris County, Texas.

## I.
## BACKGROUND

1. Plaintiff Kingwood Village Estates Condominiums Principal Management Group of Houston (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2019-73587; In the 61st Judicial District of Harris County, Texas on October 7, 2019 (the "State Court Action").[1]

---

[1] *See* Plaintiff's Original Petition, attached as Exhibit A.

2. Defendants Nationwide Property and Casualty Insurance Company and Michael Jeffrey Handy appeared and answered on October 31, 2019, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

4. Pursuant to Southern District of Texas Local Rule 81(4), the State Court Action's docket sheet is being attached as **Exhibit C**.

5. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Nationwide will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 61st Judicial District Court of Harris County, Texas.

6. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Nationwide of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

---

[2] *See* Nationwide and Handy's Original Answer, attached as Exhibit B.

**A.     Diversity of Parties**

8. Plaintiff is a domestic non-profit corporation that is incorporated and maintains its principal place of business in the State of Texas. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Plaintiff is a citizen of the State of Texas.

9. Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

10. Defendant Michael Jeffrey Handy is an individual domiciled in the State of Texas. However, Handy's citizenship should be disregarded because he has been improperly joined to this action.[3]

11. Defendant Javier Rico is an individual domiciled in the State of Texas. However, Rico's citizenship should be disregarded because he has been improperly joined to this action.[4] Rico has yet to be served in this case.

12. Defendant The Hartford Steam Boiler Inspection and Insurance Company ("Hartford") is organized under the laws of Connecticut and maintains its principal place of business in Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Hartford is a citizen of Connecticut. Hartford consents to this removal.

13. Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

---

[3] Handy's joinder in this removal is not necessary since he is not a properly joined party. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003). Nonetheless, Handy consents to the removal.

[4] Rico's joinder in this removal is not necessary since he is not a properly joined party. *See Jernigan*, 989 F.2d at 815.

### i. *Handy and Rico have been improperly joined.*

14. A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a defendant that it improperly alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that it properly alleges is non-diverse.[5] Because both Handy and Rico are non-diverse, only the latter option is implicated in this case.

15. A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[6] A non-diverse defendant is improperly joined if there is merely a theoretical possibility of recovery.[7]

16. Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[8] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to relief under Texas law."[9] In undertaking this decision, courts are to apply the federal pleading standards to the asserted state court claims.[10] The facts supporting removal must be judged at the time of removal.[11] A plaintiff's obligation to provide the grounds for entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

---

[5] *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[6] *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013).

[7] *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (quoting *Campbell v. Stone Ins. Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).

[8] *Kling Realty Co.*, 575 F.3d at 513.

[9] *Trang v. Bean*, 600 Fed. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[10] *Int'l Energy Ventures*, 818 F.3d at 200-08.

[11] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

4

of action will not do.[12] Put simply, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[13]

17. In this case, Plaintiff has asserted causes of action against Handy and Rico for violations of Texas Insurance Code Chapters 541 and 542 and breach of the duty of good faith and fair dealing.[14] As explained below, Plaintiff's factual allegations against Rico and Handy fail to state a claim for relief rendering removal proper on the basis that both Rico and Handy are improperly joined.

### ii.   *Plaintiff's Chapter 541 Claims against Handy and Rico are insufficiently pled.*

18. Plaintiff's Chapter 541 causes of action against Handy and Rico plainly fail the Rule 12(b)(6) pleading standard analysis. Plaintiff has employed conclusory allegations that fall below the federal pleading standards and/or merely track the statutory language of cited statutory provisions.[15] Under the Rule 12(b)(6)-type analysis of *Smallwood* and the application of federal pleading standards, Plaintiff has failed to assert claims for relief under Texas law against Handy and Rico.

19. Moreover, Federal Rule of Civil Procedure 9(b) applies to Plaintiff's cause of action under Texas Insurance Code § 541.060(a)(1). Rule 9(b) applies to causes of action rooted in fraud, including actions brought under the Texas Insurance Code.[16] At minimum, Rule 9(b) requires

---

[12]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

[13]   *Twombly*, 550 U.S. at 570.

[14]   Exhibit A, Plaintiff's Original Petition with Citation, at §§VII-IX.

[15]   *Johnson v. The Travelers Home & Marine Ins. Co.*, No. H-16-449, 2016 WL 4061146, at *2 (S.D. Tex. July 29, 2016) (Factual allegations that are not pled with sufficient specificity to distinguish facts from legal conclusions do not survive a Rule 12(b)(6) challenge).

[16]   *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (noting that "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not.");

allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[17] "Failing to comply with Rule 9(b) authorizes a court to dismiss pleadings as it would for a failure to state a claim under Rule 12(b)(6).[18]

### iii. Causes of Action Under Texas Insurance Code Chapter 542 and for Breach of the Duty of Good Faith and Fair Dealing are Not Actionable Against Individual Adjusters like Handy and Rico.

20. Plaintiff next alleges Handy and Rico violated Texas Insurance Code § 542.003(b)(5). Chapter 542 only applies to insurers, and not individuals like Handy and Rico.[19] Further, there is no private right of action under §542.003(b).[20] The language of the [Texas Insurance] Code, its legislative history, and court interpretations of the Code suggest that only the Texas Department of Insurance can bring a claim under section 542.003."[21] Thus, Plaintiff's Chapter 542 claims are not actionable against Handy or Rico.

21. In addition, Plaintiff's claim for the breach of duty of good faith and fair dealing also fails against Handy and Rico because this cause of action is not actionable against individual

---

*Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (holding Rule 9(b) applied to claims for *violations* of the Texas Insurance Code when "the gravamen of the claim is fraud").

[17] *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) requires that a plaintiff "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Spring Street Apts. Waco, LLC v. Phila. Indem. Ins. Co.*, No. 6:16-cv-315-RP-JCM, 2017 U.S. Dist. LEXIS 53411, at **6-7 (W.D. Tex. Apr. 6, 2017) (quoting *Hermann Holdings Ltd v. Lucent Techs., Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002)).

[18] *U.S. ex rel. Williams v. McKesson Corp.*, No. 3:12–CV–0371–B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

[19] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014); *Richards v. Allstate Indem. Co.*, No. DR-16-CV-0177-AM-VRG, 2017 U.S. Dist. LEXIS, at *26 (W.D. Tex. May 31, 2017); *see also* Tex. Ins. Code §§ 542.003(a); 542.060(a).

[20] *Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 714 (S.D. Tex. 2013); *Great Am. Assur. Co. v. Willis*, 2013 WL 3962037, at *2 (W.D. Tex. Sept. 10, 2012); *La Verdure & Assocs. v. Depositors Ins. Co.*, No. 4:16-CV-00883, 2017 WL 4698150, at *7 (E.D. Tex. Oct. 19, 2017).

[21] *Willis*, 2013 WL 3962037, at *2.

adjusters.[22] Accordingly, there is no reasonable basis to predict that Handy or Rico are liable to Plaintiff for the breach of the duty of good faith and fair dealing.

22. Therefore, Plaintiff's claims against Handy and Rico asserted in Plaintiff's Original Petition each fail a Rule 12(b)(6) analysis rendering both Handy and Rico improperly joined. Plaintiff's causes of action against Handy and Rico should each be dismissed.

**B.     Amount in Controversy**

23. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[23] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[24] Here, Plaintiff's Original Petition states "Plaintiff seeks monetary relief in an amount exceeding $1,000,000.00."[25] Thus, it is facially apparent from the complaint that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.

24. In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[26]  In this case, Plaintiff further seeks compensation for (1) actual damages, (2) prompt payment penalties, (3) attorney's fees, (4) exemplary damages, (5) emotional

---

[22] *Centaurus Unity, LP v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 786 (S.D. Tex. 2011) (citing *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 845 (S.D. Tex. 2001) (cause of action for breach of duty of good faith and fair dealing is not actionable against an individual adjuster); *Vargas v. State Farm Lloyds*, 216 F. Supp. 2d 643, 647-48 (S.D. Tex. 2002); *Haines v. Nat'l Union Fire Ins. Co.*, 812 F. Supp. 93, 96 (S.D. Tex. 1993) (dismissing breach of duty of good faith and fair dealing claim against individual adjuster).

[23] 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[24] *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[25] Exhibit A, Plaintiff's Original Petition with Citation, at ¶ 8.

[26] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

distress damages, and (6) treble damages.[27] Accordingly, these additional categories of damages place the amount in controversy further in excess of $75,000.

25. Therefore, it is facially apparent from Plaintiff's Original Petition that the amount in controversy plainly exceeds $75,000 exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

26. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

27. WHEREFORE, Defendant Nationwide Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

*(Signatures on following page.)*

---

[27] *See* Exhibit A, Plaintiff's Original Petition, at § XII – Damages.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
Southern District No. 2970159
ddilizia@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CMRRR this the 31st day of October, 2019 to:

Hunter M. Klein #9414 7266 9904 2137 9585 25
Robert D. Green
Green & Klein
440 Louisiana St., Suite 1900
Houston, Texas 77002
klein@greentriallaw.com
green@greentriallaw.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp