

**null / ALL**
**Transmittal Number: 20524604**
**Date Processed: 10/11/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| **Entity Served:** | Nationwide Property and Casualty Insurance Company |
| **Title of Action:** | Kingwood Village Estates Condominiums Principal Management Group of Houston vs. Nationwide Property and Casualty Insurance Company, Javier Rico, Michael Jeffrey Handy, and the Hartford Steam Boiler Inspection and Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 201973587 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/10/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Green & Klein<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



DEFENDANT'S
EXHIBIT A

DELIVERED: 10/10/19
by: _____
GC

Receipt Number: 867036
Tracking Number: 73683467

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 201973587

| | |
|---|---|
| PLAINTIFF: KINGWOOD VILLAGE ESTATES CONDOMINIUMS PRINCIPAL MANAGEMENT GROUP OF | In the 061st Judicial |
| vs. | District Court of |
| DEFENDANT: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH SUITE 620
AUSTIN TX 78701-3218

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on October 7, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this October 9, 2019.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CAROLINA SALGADO

Issued at request of:
KLEIN, HUNTER MILAM
440 LOUISIANA STREET SUTIE 1930
HOUSTON, TX 77002
713-654-9222

Bar Number: 24082117

CTH = 10/10/19 @ 9:25 AM

10/7/2019 7:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37456185
By: Carolina Salgado
Filed: 10/7/2019 7:22 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **KINGWOOD VILLAGE ESTATES** | § | **IN THE DISTRICT COURT OF** |
| **CONDOMINIUMS PRINCIPAL** | § | |
| **MANAGEMENT GROUP OF HOUSTON,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **NATIONWIDE PROPERTY AND** | § | **HARRIS COUNTY, TEXAS** |
| **CASUALTY INSURANCE COMPANY,** | § | |
| **JAVIER RICO, MICHAEL JEFFREY** | § | |
| **HANDY, and THE HARTFORD STEAM** | § | |
| **BOILER INSPECTION AND INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Kingwood Village Estates Condominiums Principal Management Group of Houston (hereinafter referred to as "Kingwood" or "Plaintiff"), complaining of Nationwide Property and Casualty Insurance Company (hereinafter referred to as "Nationwide"), Javier Rico (hereinafter referred to as "Rico"), Michael Jeffrey Handy (hereinafter referred to as "Handy"), and The Hartford Steam Boiler Inspection and Insurance Company (hereinafter referred to as "Hartford") (collectively referred to as "Defendants") and respectfully show as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.   This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## II.
## PARTIES AND PROCESS SERVICE

2.      Plaintiff is a domestic non-profit corporation.

3.      Defendant Nationwide Property and Casualty Insurance Company is an insurance
company engaging in the business of insurance in the State of Texas. Defendant may be served
through their registered agent, Corporation Service Company, at 211 E 7th St., Suite 620, Austin,
Texas 78701-3218.

4.      Defendant Javier Rico is an individual residing in Texas. Defendant Rico may be served
at 8663 Bristlecone Drive, San Antonio, Texas 78240, or wherever he may be found.

5.      Defendant Michael Jeffrey Handy is an individual residing in Texas. Defendant Handy
may be served at 21026 Garden Arbor Lane, Richmond, Texas 77407, or wherever he may be
found.

6.      Defendant The Hartford Steam Boiler Inspection and Insurance Company is an insurance
company engaging in the business of insurance in the State of Texas. Defendant Hartford may be
served through their registered agent, Registered Agent Solutions, at 1701 Directors Blvd, Suite
300, Austin, Texas 78744-1044.

7.      The Clerk is requested to issue Citations.

## III.
## JURISDICTION

8.      Plaintiff seeks monetary relief in an amount exceeding $1,000,000.00. Such damages
sought are within the jurisdictional limits of the court. Plaintiff contends that the determination
of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required
by TEX.R.CIV.P. § 47.

9.  The court has jurisdiction over Defendant Nationwide because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

10.  The court has jurisdiction over Defendant Rico because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

11.  The court has jurisdiction over Defendant Handy because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

12.  The court has jurisdiction over Defendant Hartford because this Defendant engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

13.  Venue is proper in Harris County, Texas, because the insured property giving rise to this cause of action is situated in Harris County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

14.  Pursuant to TEX.INS. CODE § 542A.003(d) presuit notice is impracticable and therefore not required because Plaintiff has a reasonable basis to believe there is insufficient time to give presuit notice before the limitations period will expire.

15.  All other conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendants; or Defendants are otherwise estopped from raising same due to Defendants' prior breach of the insurance contract.

## VI.
## FACTS

16.    Plaintiff is the owner of multiple buildings located at 2803 Kings Crossing Drive, Kingwood, Texas 77345, 2815 Kings Crossing Drive, Kingwood, Texas 77345, and 2811 Kings Crossing Drive, Kingwood, Texas 77345 (the "Property").  The Property is being used as non-profit housing for senior citizens aged 55 years and older.

17.    The Property was insured by insurance policy number ACP CPPK 3017696305, issued by Defendant Nationwide (the "Policy").  Plaintiff is the owner of the Policy and the named insured on the Policy.

18.    On or about August 29, 2017, or another time when the Policy was in effect, a severe wind and hurricane storm caused substantial damage to the Property and constituted a covered loss under the Policy.  After becoming aware of the damages to their Property as a result of the storm, Plaintiff made a claim (claim no. 025515-GG) and demand for payment on Defendants for damages to the Property and other damages covered by the terms of the Policy (the "Property Claim").  Plaintiff also made a claim (claim no. 025515-GF) and demand for payment on Defendants for damages to the Property's equipment which was also insured under the Policy (the "Equipment Claim") (collectively referred to as the "Claims").

19.    After Plaintiff made the Claim, Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendants have refused to pay all amounts due and owing under the Policy for the Claims.

20.    Defendant Nationwide assigned inadequate and biased adjusters to investigate and handle Plaintiff's Claim.

21.    Nationwide's adjuster, Greta Michael, was assigned to Plaintiff's Property Claim. Nationwide's adjuster made numerous errors in the investigation of Plaintiff's Claim. Nationwide's adjuster misstated the date the Property Claim was first reported to Nationwide.

22.    Nationwide's adjuster also misrepresented the type of damages reported by Plaintiff for the Property Claim. Plaintiff reported a claim for wind and hurricane damages to the Property, yet Nationwide's adjuster intentionally ignored this and chose to unilaterally report and adjust the Property Claim for flood damages only.

23.    Nationwide's adjuster knew or should have known that flood damage was excluded under the Policy. Nationwide's adjuster took a pre-determined approach in the investigation of Plaintiff's Claim and intentionally ignored the wind damages in an effort to avoid payment under the Policy.

24.    Nationwide's adjuster performed an inadequate inspection of the Property and overlooked the areas of wind damages which were reported for the Property Claim. Nationwide's adjuster grossly undervalued the damages and relied on Policy exclusions in the denial of Plaintiff's Claim. Nationwide's adjuster wrongfully determined that the damages at the Property were due to flood and rising water, and thus not covered under the Policy.

25.    Nationwide's adjuster also inspected only a portion of the buildings and structures that were reported by Plaintiff for the Property Claim. Numerous structures and buildings on the Property were completely omitted from the evaluation and investigation of Plaintiff's Property Claim, such as the Property's guardhouse, carports, fence, and garages. Nationwide has failed to perform a proper investigation of the omitted buildings and structures at the Property. These buildings and structures sustained substantial damage from the wind and hurricane storm and all resulted in covered losses under the Policy.

26.     Nationwide failed to properly and thoroughly investigate the full extent of damages for the Property Claim. Nationwide failed to meet their duty of good faith and fair dealing in the adjustment of Plaintiff's Claims. Nationwide failed to investigate the full extent of coverage under the Policy for the reported Claims. Nationwide knew that flood was excluded under the Policy and intentionally relied on this single cause of damage in their investigation and overlooked all the other covered losses under the Policy in an effort to deny Plaintiff's Claims.

27.     Defendant Nationwide then assigned Defendant Rico as the adjuster on Plaintiff's Property Claim. Defendant Rico performed an inadequate investigation of Plaintiff's Claim. Specifically, Defendant Rico continued to rely on prior misrepresentations that the damages were not due to wind damage from the said storm. Defendant Rico continued to adjust the Property Claim based on these misrepresentations which ultimately led to the wrongful denial of Plaintiff's Property Claim.

28.     Further, Defendant Rico intentionally omitted numerous areas of the Property that were covered under the Policy. Defendant Rico only investigated a portion of the Property based on his misrepresentations that the omitted portions of the Property were not covered under the Policy. Defendant Rico continued to improperly adjust Plaintiff's Property Claim.

29.     Defendant Rico and Defendant Nationwide's adjuster Greta Michael later performed an improper reinspection of the Property. This inspection was performed with a pre-determined approach aimed at denying the Claim and undervaluing the damages. The inspection failed to include the full extent of covered losses. Defendants again failed to include the full extent of the covered Property and intentionally omitted the covered losses in their valuation of the Property Claim. As a result of these intentional misrepresentations, the subsequent estimate predictably fell below the Policy deductible and Defendants denied the Claim.

30.     The wind-caused damages were obvious to Defendants during their entire handling of the Claim yet were intentionally omitted and undervalued in their investigation. Defendants misrepresented the Policy terms and the damages as a basis for the Claim denial.

31.     Defendant Nationwide ultimately closed Plaintiff's Property Claim based on the misrepresentation that no wind-caused damages were reported as part of the Claim, despite the obvious wind-caused damages and the constant communication between Plaintiff and Plaintiff's representatives regarding the wind damages pursuant to the Property Claim. Defendant Nationwide refused to perform proper investigations after the closing Plaintiff's Property Claim despite further information about the Property Claim.

32.     Plaintiff was forced to retain a Public Adjusting firm in order to maintain their rights under the Policy and under the applicable laws of this jurisdiction. Plaintiff's Public Adjusters performed an investigation of the Claim and identified numerous areas of wind and storm-caused damages to numerous areas of the Property, particularly the areas which were intentionally omitted by Defendants.

33.     Plaintiff's Public Adjusters provided Defendants with a copy of their estimate and valuation of the covered losses. Despite receiving additional information about the Claims and being put on notice of the full extent of covered losses, Defendants continued to improperly deny Plaintiff's Claims based on prior misrepresentations about the covered losses and the Policy terms.

34.     Defendant Nationwide then assigned Defendant Handy to Plaintiff's Property Claim. Defendant Handy continued to rely on prior misrepresentations about the Policy and the damages. Specifically, Defendant Handy continue to misrepresent the covered Property, specifically the equipment and the chiller on the Property. Defendant Handy continued to omit

numerous areas of the covered losses and failed to properly apply the proper covered portions of the Property pursuant to the Policy to Plaintiff's Claims.

35.     Defendants continued to deny Plaintiff's Claim on the same basis that no wind-caused damages were reported under the Claim. Defendants continued to intentionally ignore not only the actual damages on the Property but also continued to ignore the details of the Claim as reported by Plaintiff and Plaintiff's representatives. Defendants continued to improperly adjust the Claim only with regards to excluded perils under the Policy with full knowledge that a proper Claim for covered losses was made by Plaintiff and which was apparent from their investigation.

36.     Defendants continued to undervalue the Claims and improperly apply the Policy terms and covered Property to Plaintiff's Claims.

37.     Defendants were aware of these improper valuations yet continued to rely on them in the handling of Plaintiff's Claim. Defendants improperly denied Plaintiff's Claim based on these improper valuations and estimates.

38.     Defendants continued to rely on inconsistent reports by their adjusters in the Claim denial. Defendants misrepresented the damages to Plaintiff through these reports and estimates.

39.     Defendants refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property. Defendants' conduct constitutes a breach of the insurance contract between Defendant Association and Plaintiff.

40.     Plaintiff's Policy includes coverage for equipment breakdown which is reinsured by Defendant Hartford Steam Boiler Inspection and Insurance Company. Defendant Hartford investigated Plaintiff's Equipment Claim. Defendants continued to misrepresent the covered losses.

---

41.     Defendant Nationwide continued to misrepresent that no wind damages were reported for the Equipment, specifically the chillers.

42.     Defendant Hartford performed an improper and inadequate investigation of Plaintiff's Equipment Claim, which led to the wrongful denial of Plaintiff's Equipment Claim. Specifically, Hartford relied on improper Policy exclusions which excluded flood damage, when it was obvious to Defendant Hartford that the damages were caused by a covered loss under the Policy.

43.     Defendant Hartford initially investigated the Equipment Claim and wrongfully determined the damages related to the Equipment Claim were not covered under the Policy. Defendant Hartford refused to perform a proper re-investigation of the Equipment Claim and continued to improperly deny Plaintiff's Equipment Claim and refused payment as owed under the Policy.

44.     Plaintiff's Equipment Claim was caused by a covered loss under the Policy with Defendant Hartford and Defendant Nationwide, specifically as a result of an accident. The covered losses were evident during the inspection, yet Defendants intentionally misrepresented the cause of loss to the Equipment in the denial of Plaintiff's Equipment Claim.

45.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendants failed to conduct any investigation or provide any estimates to Plaintiff, and misrepresented to Plaintiff about the coverage of the Policy. Thus, their denial to fully compensate Plaintiff was a misrepresentation of the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

46.     Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendants' liability was reasonably clear. Specifically,

Defendants adjusted the entire Claim with an outcome-oriented approach and failed to commence investigation of the Claim. This resulted in Defendants' delayed completion of the investigation of the Claim. Defendants failed to use any qualified adjusters and inspectors to conduct investigations of the Property. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

47.    Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

48.    Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendants continued to rely on misrepresentations in their inadequate explanation and refused to adjust or fully account for the additional documents presented to them evidencing Storm damage to the Property. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

49.    Defendants refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendants performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Further, Defendants refused to further investigate the Claim despite being presented with multiple additional reports and estimates exhibiting the full extent

of damages at the Property. Defendants ignored these reports and continued to rely on misrepresentations about the date of the Storm and subsequent Storm and covered perils under the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

50.     Defendants failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim.   Defendants' conduct constitutes a violation of TEX.INS.CODE §542.055.

51.     Defendants failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information.   Defendants' conduct constitutes a violation of TEX.INS.CODE §542.056.

52.     Defendants failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.   Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. The Property's covered damages under the Policy were made known to Defendants at the outset of the Claim investigation, yet Defendants refused to comply with their obligations and make payments owed under the Policy. Defendants' conduct constitutes a violation of TEX.INS.CODE §541.058.

53.     From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full

payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

54.   Defendants knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

55.   Because of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT NATIONWIDE

56.   Defendant Nationwide is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

57.   Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

### A.   Breach of Contract.

58.   The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Nationwide. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B.   Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

59.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

60.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

61.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(2)(A).

62.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

63.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

64.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition

and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

65.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### C.     Prompt Payment Of Claims Violations.

66.     The Claim is a claim under an insurance policy with Defendant Nationwide of which Plaintiff gave Defendant notice. Defendant is liable for the Claim. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

    a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant failed to commence a proper investigation of Plaintiff's Claim in the time allowed under statute. Defendant's investigation of the Claim was inadequate and Defendant has failed to perform a proper investigation of the Claim to date. Defendant continued to misrepresent the cause of loss as covered under the policy, despite numerous communications from Plaintiff and Plaintiff's representatives which confirm the loss was reported for wind, not flood. As such, Defendant failed to properly commence investigation for wind-caused damages as properly reported by Plaintiff.;

    b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant failed to provide Plaintiff with a proper claim decision and failed to properly explain its reasons for denial within the time allowed under this statute.; and/or by

    c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. To date, Defendant has refused to pay full payment for Plaintiff's Claim as owed under the Policy. Defendant had in its possession all items necessary to make a decision on the Claim but failed to provide a proper Claim decision within the time allowed under this statute. Defendant continues to delay full payment to Plaintiff for its Claim as rightfully owed under the Policy.

67.     Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

**D.      Breach Of The Duty Of Good Faith And Fair Dealing.**

68.     Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear.  Defendant's conduct proximately caused Plaintiff injuries and damages.

**VIII.**
**CAUSES OF ACTION AGAINST DEFENDANT JAVIER RICO**

69.     Defendant Rico is liable to Plaintiff for intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

70.     Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

**A.      Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

71.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

72.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

73.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and

an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE
§541.060(2)(A).

74.    Defendant's unfair settlement practice, as described above, of failing to promptly provide
Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or
applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair
method of competition and an unfair and deceptive act or practice in the business of insurance.
TEX.INS.CODE §541.060(3).

75.    Defendant's unfair settlement practice, as described above, of failing within a reasonable
time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to
Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice
in the business of insurance. TEX.INS.CODE §541.060(4).

76.    Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's
claim without conducting a reasonable investigation, constitutes an unfair method of competition
and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE
§541.060(7).

77.    Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover
amounts due under its policy by offering substantially less than the amount ultimately recovered.
Defendant refused to even offer more than its own grossly undervalued estimates despite actual
damages which were much greater.   This continued failure compelled Plaintiff to file suit.
TEX.INS.CODE §542.003(5).

**B.    Breach Of The Duty Of Good Faith And Fair Dealing.**

78.    Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff
by denying or delaying payment on the Claim when Defendant knew or should have known that

its liability to Plaintiff was reasonably clear.  Defendant's conduct proximately caused Plaintiff injuries and damages.

## IX.
### CAUSES OF ACTION AGAINST DEFENDANT MICHAEL JEFFREY HANDY

1.    Defendant Handy is liable to Plaintiff for intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

2.    Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

### A.    Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

3.    The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

4.    Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

5.    Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(2)(A).

6.    Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

7.      Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

8.      Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

9.      Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

**B.      Breach Of The Duty Of Good Faith And Fair Dealing.**

10.      Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff injuries and damages.

**X.**
**CAUSES OF ACTION AGAINST DEFENDANT HARTFORD**

1.      Defendant Hartford is liable to Plaintiff for intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

---

*Kingwood Village v. Nationwide, et. al.*      Page 18
Plaintiff's Original Petition

2.     Plaintiff reincorporates and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

**A.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.**

3.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

4.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

5.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.     TEX.INS.CODE §541.060(2)(A).

6.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

7.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

8.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX.INS.CODE §541.060(7).

9.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.   This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### B.     Breach Of The Duty Of Good Faith And Fair Dealing.

10.     Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear.   Defendant's conduct proximately caused Plaintiff injuries and damages.

### XI.
### KNOWLEDGE

11.     Each of the Defendants' acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### XII.
### DAMAGES

12.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

13.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

14.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.   For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

15.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as penalty interest per annum (calculated by adding five (5) percent to the current interest rate as determined by the Board of Governors of the Federal Reserve System) of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

16.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

17.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### XIII.
### JURY DEMAND

18.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

### XIV.

## REQUEST FOR DISCLOSURE

19.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## XV.
## PRAYER

20.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

GREEN & KLEIN

By:     /s/   Hunter M. Klein
        HUNTER M. KLEIN
        State Bar No.: 24082117
        klein@greentriallaw.com
        ROBERT D. GREEN
        State Bar No.: 08368025
        green@greentriallaw.com
        440 Louisiana St., Suite 1900
        Houston, Texas 77002
        (713) 654-9222 - Telephone
        (713) 654-52155 - Fax

ATTORNEYS FOR PLAINTIFF